## SUPREME COURT.

THE PEOPLE *ex rel.* DANIEL O'BRIEN agt. ANDREW H. GREEN, comptroller of the city of New York.

Where a *crier* of the superior court of the city of New York has been appointed by the judges of that court in pursuance of section 39 of the Code, the comptroller of the city is bound to pay him his salary, notwithstanding his objection that the full number of officers allowed to be appointed to that court, under section 2, of chap. 438, of the Laws of 1872, had been appointed, and that the relator was not one of those officers.

*New York Special Term, March,* 1873.

THE relator had been appointed by the judge of the superior court, at a general term, on the 21st day of January, 1870, crier of the superior court, and had performed the duties of his position, and was still performing the same with the consent and approbation of the judge of said court at the time hereinafter mentioned. The comptroller had refused to pay the salary of the relator for the months of May, June, July, August, September, October, November and December, 1872, and January, 1873, at $2,000 a year, the rate fixed by an act of the legislature passed April 26, 1870, although the same had been included in the estimate of expenditures transmitted to the comptroller by the clerk of the said court at the commencement of each year.

The comptroller alleged that the full number of officers allowed to be appointed under the second section of chapter 438 of the Laws of 1872, four for each branch of the court, had been appointed, and that the relator was not one of the officers so appointed.

Also, that there was no appropriation out of which payment could be made for services rendered in the year 1872.

The relator moved for a writ of peremptory mandamus.

ABRAHAM R. LAWRENCE, Jr., *for relator.*

GEO. P. ANDREWS, *for respondent.*

FANCHER, *J.*—The crier of the superior court " was lawfully appointed by the justices of that court, under section 39 of the Code of Procedure. His salary was lawfully fixed, and is to be paid by the county of New York. The mandamus applied for must be granted."

On the return day a stay of proceedings was granted, and an appeal taken to the general term.

By consent, the appeal was argued March 22d at a *general term, composed of* INGRAHAM, *P. J..* and DAVIS, *J.*

ABRAHAM R. LAWRENCE, Jr., *for respondent.*

DAVID J. DEAN, *for appellant.*

At the close of the argument the court at once affirmed the order below.